BROWN v. SCOTT COUNTY.

1. **Exceptions:** TO INSTRUCTIONS. A general exception to instructions, any one of which is not erroneous, is not sufficient to present the case for review upon appeal. The fact that the instructions were embraced in a single paragraph, will not, it seems, change the rule.

2. **New trial:** CONFLICTING EVIDENCE. Where the evidence is conflicting the verdict will not be disturbed, though a contrary one would have been more satisfactory to the appellate court.

*Appeal from Scott District Court.*

FRIDAY, JANUARY 25.

ACTION to recover a bounty offered to volunteers in the war of the rebellion. Answer in denial. Trial to a jury. The President issued a call for three hundred thousand men, December 21, 1864. In order to fill the quota of Scott county, the board of supervisors, on the 5th of January, 1865, voted a bounty of $150 to each person who "might volunteer in this county under said call;" and warrants were ordered to be issued to pay, or procure money with which to pay, such volunteers their bounty. A committee was appointed to manage the matter and pay the bounty and keep a record thereof — the clerk of the board being one of the committee. January 11th, the committee, by notice in the Davenport Gazette, assured the payment of the bounty. January 23d, the governor, by a proclamation, also printed in the Gazette, announced that Iowa's quota under said call was full. The plaintiff knew of the offered bounty and volunteered about that time; precisely when is not shown, and was credited to Scott county. The committee knew nothing of his volunteering, and his name was not on their list. The jury found for the defendant. The plaintiff appeals.

*Brown & Campbell* for the appellant.

*Bills & Block* for the appellee.

COLE, J.—I. The court gave its instructions to the jury, all in a single paragraph, though covering several pages. "To all of which instructions and each of them the plaintiff then and there excepted." The appellant's counsel, now and here, point out certain sentences of the instruction which they claim are erroneous. This they cannot do under the exception taken by them, as we have before frequently held. See *Dav. Gas L. & C. Co.* v. *City of Dav.*, 13 Iowa, 229; and see Hammond's Digest, § 53, p. 497, and cases there cited. But, we may properly say further, that however objectionable the specified sentences may have been, if given alone, they are not objectionable at all when taken, as they are stated, in connection with the instruction entire.

II. It is next assigned that the verdict is contrary to the evidence. While a verdict for the plaintiff upon the evidence would have been more satisfactory to us, yet we cannot say that the finding is so manifestly against the weight of evidence as to justify us, under the rules in such cases, in setting the verdict aside. It was surely within the power of the plaintiff to prove, or at least for himself to testify to, the precise time that he did volunteer. The jury may have given great weight to his failure to do so.

Affirmed.